IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

CHRIS RHIENHART,

     Plaintiff

v.                                            C.A. No.: 6:21-cv-25

HIS HANDYWORKS, LLC, and
MARK LORANG,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRIS RHIENHART, by and through his undersigned counsel, hereby sues Defendants, HIS HANDYWORKS, LLC, and MARK LORANG, and in support thereof states as follows:

1.    Plaintiff, CHRIS RHIENHART, brings this action for overtime wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2.    Plaintiff, CHRIS RHIENHART, is an individual residing in Smith County, Texas.

3.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337, and by 29 U.S.C. § 216(b).

4.    Venue is proper in this district under 28 U.S.C. § 1391.

5.    Defendant, HIS HANDYWORKS, LLC, is a limited liability company

formed and existing under the laws of the State of Texas, and operated a residential and commercial cleaning business.

6.     Defendant, MARK LORANG, is a resident of Van Zandt County, Texas.

7.     At all times material to this complaint, Defendant, HIS HANDYWORKS, LLC, operated a business in Smith County, Texas, and Plaintiff's claims herein arose in Smith County, Texas.

8.     Defendant, MARK LORANG, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, HIS HANDYWORKS, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

9.     Defendant, MARK LORANG, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

10.     Defendant, HIS HANDYWORKS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11.     At all times material to this complaint, Defendant, HIS HANDYWORKS, LLC, employed two (2) or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12.    At all times material to this complaint, Defendant, HIS HANDYWORKS, LLC, was an enterprise engaged in interstate commerce or, in the alternative, owned and operated a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

13.    Defendant, HIS HANDYWORKS, LLC, operates a commercial cleaning service and is an enterprise covered under the FLSA.

14.    Additionally, Plaintiff was individually engaged in commerce or in the production of goods for commerce and his work was essential to Defendant's business.  Plaintiff's work activities included the cleaning of financial institutions such as banks and loan companies, which are engaged in interstate commerce.

15.    At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce.   Specifically, Plaintiff handled and utilized, inter alia, vacuums, mop buckets and mops, and cleaning products, which were produced outside the state of Texas, *e.g.*, BETCO products, which are manufactured in Toledo, Ohio; and, Pine-Sol, which is manufactured in Jackson, Mississippi.

16.    Plaintiff worked for Defendant from sometime in June of 2017, through August of 2019, and again from July of 2020 to the present, as a "Cleaner" in Smith County, Texas.   Plaintiff was paid varying amounts depending on the job

performed.

17.    Defendants did not pay Plaintiff one and one half-times his regular rate when he worked in excess of 40 hours in a workweek.   Instead, Defendants paid Plaintiff straight time and would occasionally pay Plaintiff time and one-half his regular rate when he worked in excess of 50 hours in a workweek.

18.    Throughout the duration of his employment with Defendants, Plaintiff began working in excess of forty (40) hours (overtime hours) in a workweek almost every week.   Specifically, Plaintiff typically worked from 8:00 a.m. until 5:00 p.m., and from 5:30. p.m. to 4:00 a.m., six to seven days per workweek (72 or more hours per week).

19.    Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

20.    Defendant has willfully failed to pay Plaintiff overtime.   Defendant either knew, or showed reckless disregard for the matter of whether his conduct was prohibited by the FLSA and failed to act diligently with regard to his obligations as an employer under the FLSA.

21.    The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation.

22.   As a result of Defendant's unlawful conduct, Plaintiff, CHRIS RHIENHART, is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid, but should have been paid.

23.   Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHRIS RHIENHART, demand Judgment against Defendant, HIS HANDYWORKS, LLC, for the following:

a.   Unpaid overtime wages found to be due and owing;

b.   An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c.   Prejudgment interest in the event liquidated damages are not awarded;

d.   Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.   For any such other relief as the Court may find proper, whether at law or in equity.

## **JURY TRIAL DEMAND**

Plaintiff, CHRIS RHIENHART, demands a jury trial on all issues so triable.

Respectfully submitted January 18, 2021.

**ROSS • SCALISE LAW GROUP**

_____

**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff